USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/29/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANTHONY MEDINA, et al.,                         :          REPORT AND
                                                :          RECOMMENDATION
                         Plaintiffs,            :
                                                :          11 Civ. 0176 (LAP) (JLC)
        -v-                                     :
                                                :
BRIAN FISCHER, et al.,                          :
                                                :
                         Defendants.            :
---------------------------------------------------------------X

**JAMES L. COTT, UNITED STATES MAGISTRATE JUDGE.**

**To the Honorable Loretta A. Preska, Chief United States District Judge:**

Non-party Martin Hodge ("Hodge"), an inmate at the Sullivan Correctional Facility under

the custody of the New York State Department of Corrections & Community Supervision

("DOCCS"), has moved pro se to be added to this prisoners' rights case as a plaintiff and for

leave to file a supplemental complaint alleging claims of retaliation and failure to rehabilitate.

For the reasons set forth below, I recommend that Hodge's motion be denied.[1]

I.      BACKGROUND

**A.      Procedural History**

Familiarity with the Court's Memorandum Order dated January 8, 2013 ("January 8

Memorandum Order") (Dkt. No. 134), is assumed.  This putative class action is brought by

Plaintiffs Anthony Medina, Peter Lopez, Kelvin Curran, James Colantuono, Kevin Jones,

---

[1]      This case has been referred to me for general pretrial supervision under 28 U.S.C. § 636(b)(1)(A) (Dkt. No. 60), and therefore my authority is limited to deciding non-dispositive matters.  See Fed. R. Civ. P. 72(a).  Second Circuit case law holds that a motion to intervene is dispositive, at least insofar as it is brought "as of right" under Rule 24(a).  Stackhouse v. McKnight, 168 F. App'x 464, 466-67 (2d Cir. 2006); New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21, 25 (2d Cir. 1993).  Although Hodge has not specifically asserted a right to intervene under Rule 24(a) (indeed, at page five of his reply papers he appears to concede that any intervention would be permissive), I err on the side of treating his motion as dispositive, and therefore issuing this decision as a report and recommendation subject to de novo review.

Warren Davis, Christopher Morrishaw, and Michael Smith (collectively, "Plaintiffs"), each of whom is a blind or severely visually impaired inmate at a prison facility under DOCCS' supervision. In the Second Amended Complaint ("SAC") (Dkt. No. 107), Plaintiffs allege that Defendants violated their civil rights by failing to provide them with reasonable medical care and accommodations for their visual disabilities, and seek declaratory and injunctive relief under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

In December 2012, while the parties were engaging in a course of targeted discovery with the objective of narrowing (and possibly resolving) the issues in this case (see generally Interim Scheduling Order, dated September 24, 2012 (Dkt. No. 124)), the Court received a set of submissions from Hodge requesting to be added to the case as a plaintiff for the purpose of filing a supplemental complaint under Federal Rule of Civil Procedure 15(d). (See Motion to File a Supplemental Complaint (& related submissions), dated December 2, 2012 ("Mot." or "Motion") (Dkt. No. 136)).[2] Shortly thereafter, the Court received "affirmations" from nonparties LeslieAnn Manning, Martin Fairhurst, and Leroy Carver, also disabled inmates at the Sullivan Correctional Facility, which were apparently sent in support of Hodge's Motion. (Dkt. No. 137). I construed Hodge's Motion as a motion to intervene under Federal Rule of Civil Procedure 24, and directed the parties to respond. (January 8 Memorandum Order at 4-5 & n.3). On February 1, 2013, both sides filed papers opposing Hodge's Motion. (Defendants' Opposition to Martin Hodge's Motion to Intervene as Plaintiff and File a Supplemental Complaint, dated February 1, 2013 ("Defs.' Opp.") (Dkt. No. 142); [Plaintiffs'] Memorandum of Law in Opposition to Non-Party Martin Hodge's Motions to Intervene and for Permission to File a Supplemental

---

[2]      Hodge also asked that the Court appoint him counsel and grant him permission to proceed in forma pauperis. However, in light of my recommendation that the Court deny him leave to intervene, I do not reach these requests.

2

Complaint, dated February 1, 2013 ("Pls.' Opp.") (Dkt. No. 143)).  On February 7, 2013, Hodge

filed a reply.  (Response to Opposition for Motion to File Supplemental Complaint, dated

February 7, 2013 ("Reply") (Dkt. No. 147)).[3]

On February 25, 2013, the Court held a conference to discuss issues unrelated to Hodge's

Motion, including the status of discovery.  The parties reported that they had largely completed

their targeted discovery and were prepared to commence settlement discussions.  (See Tr. 21-24).

Based on this report, the Court set a schedule for the parties to exchange settlement proposals in

preparation for a settlement conference to take place on June 14, 2013.  (See Order, dated

February 25, 2013 (Dkt. No. 152)).

## B.      Hodge's Motion

Hodge asserts two bases for his Motion.  First, Hodge alleges that he is visually impaired,

and therefore is similarly situated to the named plaintiffs, with an interest in the accommodations

sought in this case.  (Mot. at 1-2).  Hodge argues, however, that the SAC does not go far enough

because it does not explicitly seek relief related to rehabilitation and access to parole.  (See

Reply at 1-2).  Hodge points to New York State laws mandating that DOCCS develop and

implement a "risk and needs assessment instrument" and a "transition[al] accountability plan"

for each inmate so that services may be provided to each inmate based on their individual

treatment needs.  (Mot. at 16) (citing N.Y. Corr. L. §§ 71-a, 112(4)).  Hodge contends that

DOCCS is not implementing these laws for disabled inmates, and has not provided him with the

programming and services necessary for his rehabilitation, even though he "has a right to be

---

[3]      In early February, the Court received letters from plaintiffs Michael Smith and Kelvin Curran stating that,
notwithstanding the opposition submitted on their behalf by their counsel, they did not wish to oppose Hodge's
Motion.  At a status conference on February 25, 2013, Plaintiffs' counsel advised the Court that Smith and Curran
had changed their views after a meeting with counsel, and were now in accord with the decision to oppose Hodge's
motion.  (See Transcript ("Tr."), dated February 25, 2013, at 11-13 (Dkt. No. 153)).

afforded the same programs and services as non-disabled inmates[.]" (Reply at 1; see also Mot. at 16-18). Hodge reports that, as a result, when he appeared at a parole hearing in August 2012, he was improperly assessed on the basis of an Inmate Status Report rather than a transitional accountability plan, and was denied parole for a third time after being found "incompatible with the welfare of society." (Mot. at 11; Reply at 3). According to Hodge, plaintiffs Medina and Coluntuono, and former plaintiff Paul Ford ("Ford"), were also denied parole, whereas "non-disabled inmates are provided the needed programs and services, and . . . [are] paroled" despite "horrendous disciplinary records." (Reply at 1).[4] Hodge asserts that these circumstances amount to a failure of DOCCS' purported "legal obligation to rehabilitate . . . disabled inmates and make them ready for their reentry and reintegration into society" (Mot. at 11), which he contends is a violation of New York State law and due process, as well as the ADA and Rehabilitation Act. (Mot. at 12-19; Reply at 4). I will refer to this set of allegations as Hodge's "failure to rehabilitate claim."

Second, Hodge alleges that DOCCS officials retaliated against him for helping some of the plaintiffs in this case address envelopes to the court, and for attempting to secure mental health treatment on behalf of Ford, for whom Hodge previously served as a mobility guide. Hodge contends that DOCCS officials engaged in the following retaliatory acts:  (1) filing false disciplinary charges against him; (2) removing him from his six-year post as Ford's mobility guide; (3) searching his cell; and (4) wrongfully confiscating his radio and mattress.  (Mot. at 3-10). I will refer to this set of allegations as Hodge's "retaliation claim."

---

[4]     Ford is a blind and brain-damaged inmate who was an original plaintiff in the case but has subsequently been discharged as a party at the request of his guardian ad litem.  (See Order dated February 25, 2013 (Dkt. No. 151)).

## II.   DISCUSSION

### A.   Applicable Standards and Rules

As Plaintiffs point out (Pls.' Opp. at 1), although Hodge has styled his Motion as one to "supplement" the SAC under Rule 15(d), he may not file a supplemental complaint in this action because he is not a party.  See Fed. R. Civ. P. 15(d) ("court may . . . permit a party to serve a supplemental pleading") (emphasis added).  However, construing Hodge's pro se submissions "to raise the strongest arguments they suggest," as the Court must, Snyder v. New York State Educ. Dep't, 348 F. App'x 601, 603 n.2 (2d Cir. 2009), Hodge's Motion may be construed as a motion to intervene under Federal Rule of Civil Procedure 24.

Rule 24 provides for two types of intervention:  intervention "as of right" and "permissive" intervention.  Fed. R. Civ. P. 24(a), (b).  A court must grant intervention "as of right" to any person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  Alternatively, a court may grant "permissive" intervention, in its discretion, to any person who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).[5]

### B.   Hodge's Motion Should Be Denied

1.   Hodge is Not Entitled to Intervention as of Right

"To intervene as of right, a movant must:  '(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'"

---

[5]      Rule 24(a)(1) and (b)(1)(A) also provide for intervention pursuant to a federal statute; however, I am not aware of any such statute that is applicable here.

Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 128 (2d Cir. 2001) (citing New York News, Inc.

v. Kheel, 972 F.2d 482, 485 (2d Cir. 1992)).  "All four parts of the test must be satisfied to

qualify for intervention as of right."  Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale

Elec. Co., 922 F.2d 92, 96 (2d Cir. 1990) (citation omitted).  Here, although Plaintiffs appear to

concede that Hodge has an interest in this case by virtue of his alleged visual impairment (see Pl.

Opp. at 14), they dispute whether Hodge satisfies the first, third, and fourth requirements of the

test.[6]  Because Hodge does not fulfill the third and fourth parts of the test, as discussed below, I

do not reach whether his application was timely filed in satisfaction of the first requirement.

Hodge does not satisfy the third requirement for intervention under Rule 24(a) because

this case does not affect his ability to protect his interest in obtaining relief related to

rehabilitation.  First, the case has not yet been certified as a class action, and therefore any

disposition will not be binding on anyone other than the named plaintiffs.  Second, even

assuming a class is ultimately certified so as to bind absent class members, Hodge does not

appear to be a member of the proposed class.  The SAC describes the class as "legally blind or

severely visually impaired" inmates (SAC ¶ 82), whereas Hodge represents himself merely as

"visually impaired" (Mot. at 2) and his former role as a mobility guide to Ford suggests that he

has a substantially higher level of visual functioning than Plaintiffs.  (See Mot. at 2).

Accordingly, Hodge remains free to bring his failure to rehabilitate claim (as well as his

retaliation claim) in a separate action, and is not bound by what happens in this one.  It follows

that he is not entitled to intervention as of right.  See In re Holocaust Victim Assets Litig., 225

F.3d 191, 199 (2d Cir. 2000) (denying motion to intervene "[b]ecause appellants remain free to

file a separate action"); Mitchell v. Faulkner, No. 07 Civ. 2318 (DAB), 2009 WL 585882, at

---

[6]     Although Hodge's alleged visual impairment gives him an interest in this action (including with respect to
accommodations that relate to rehabilitation), his retaliation claim does not.  As set forth below, that claim is entirely
distinct from the claims in this case.  See infra note 7.

*5 (S.D.N.Y. Mar. 5, 2009) (denying intervention as of right where disposition of case would not bind putative intervenor).

Further, even if Hodge was a member of the proposed class, such that his ability to protect his interest in obtaining accommodations related to rehabilitation could be affected by the disposition of this action, he still would not qualify for intervention as of right because Plaintiffs adequately represent such interests.  "[W]hen there is an identity of interest between a putative intervenor and an existing party to the action, a presumption of adequate representation attaches in the absence of evidence of collusion, adversity of interest, nonfeasance, or incompetence." St. John's Univ. v. Bolton, 450 F. App'x 81, 84 (2d Cir. 2011) (citing Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 180 (2d Cir. 2001)) (quotation marks omitted); see also Stackhouse, 168 F. App'x at 466 n.1 ("when intervenors seek to join the litigation as named parties they are ordinarily seeking to protect interests adverse to the existing parties to the litigation").  Hodge has not described any collusion, adversity of interest, nonfeasance, or incompetence by Plaintiffs. He argues only that the SAC is deficient because it does not demand access to personalized treatment plans and rehabilitation services provided for under New York State Correction law. (See Reply at 2) ("What is lacking [from] the [SAC] . . . is that DOCCS is not identifying the programs and services needed by each disabled inmate . . . and [is] not providing the actual programs and services needed to [ ] make each plaintiff compatible with the welfare of society.").  However, the SAC in fact requests such relief.   (See SAC ¶¶ 105-06 (seeking "individualized assessments. . . to determine the extent of [class members'] abilities to participate in programs, services, and activities, and . . . the reasonable accommodations" necessary for such participation, and "full access to DOCCS services[,] [] activities and . . . programming options, including educational, vocational, and work programs[.]")).  Thus, Hodge

also fails to meet the requirements for intervention as of right because he has not overcome the presumption that Plaintiffs adequately represent his interests.

    2.    <u>Hodge Should Not Be Permitted to Intervene Under Rule 24(b)</u>

Rule 24(b) provides for permissive intervention "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). "In exercising its discretion [to grant or deny permissive intervention], the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal issues presented." <u>Citizens Against Casino Gambling in Erie Cnty v. Hogen</u>, 417 F. App'x 49, 50 (2d Cir. 2011) (quoting <u>H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.</u>, 797 F.2d 85, 89 (2d Cir. 1986)) (quotation marks omitted). A "'district court has broad discretion to deny an applicant's motion for intervention under Rule 24(b)(2). In fact, a denial of permissive intervention has virtually never been reversed.'" <u>Catanzano by Catanzano v. Wing</u>, 103 F.3d 223, 234 (2d Cir. 1996) (quoting <u>Kheel</u>, 972 F.2d at 487).

Here, the basis of Hodge's Motion is his desire to inject new claims into the case, one of which—the proposed retaliation claim—shares no common legal or factual questions with the claims asserted in the SAC, and therefore is not grounds for permissive intervention under Rule 24(b).[7] Hodge's failure to rehabilitate claim does share common questions with this case, but

---

[7]    To establish a violation of Title II of the ADA, Plaintiffs must show: (1) they are qualified individuals with a disability; (2) the facilities in which they reside are subject to the ADA; and (3) Plaintiffs were, "by reason of [their] disability, . . . excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity, or . . . subjected to discrimination by any such entity." <u>Bolmer v. Oliveira</u>, 594 F.3d 134, 148 (2d

countervailing considerations weigh against permitting Hodge to intervene on that basis alone. As discussed, Plaintiffs adequately represent Hodge's interest in rehabilitation, and in any event, Hodge may assert his failure to rehabilitate claim in his own case, if he so chooses. On the other hand, permitting Hodge to intervene would create a number of case management issues that would unduly delay this case, which has already been pending for more than two years. Hodge has described his claim as applying to all disabled inmates, whereas the SAC is brought on behalf of just one subset of disabled inmates—legally blind and severely visually impaired inmates. In addition, Hodge's claim asserts new legal theories founded in New York State Correction Law and due process, and according to Hodge, would require the naming of additional defendants. (Reply at 2). Thus, permitting Hodge to pursue such a claim would significantly broaden the scope of this case. Meanwhile, in light of Plaintiffs' strong interest in securing relief as soon as possible, the parties have completed a targeted course of discovery and commenced efforts to resolve the case. Hodge's intervention could derail or delay those efforts. Cf. South Carolina v. North Carolina, 130 S. Ct. 854, 875 (2010) (Roberts, J., concurring and dissenting) ("Intervenors do not come alone—they bring along more issues to decide [and] more discovery requests . . . . In particular, intervention makes settling a case more difficult . . . ."); Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 877 (2d Cir. 1984) (observing, inter alia, that permissive intervention "might, as a practical matter, deter a settlement" in affirming district court's denial of such). Accordingly, based on the posture of

---

Cir. 2010) (stating elements under Title II of the ADA) (citing 42 U.S.C. § 12132; Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003)); see also Giraldi v. Board of Parole, No. 9:04-CV-877 (FJS/DRH), 2008 WL 907321, at *1 (N.D.N.Y. Mar. 31, 2008) (elements of claim under § 504 of the Rehabilitation Act are "substantially the same" as under Title II of the ADA) (citing Henrietta D., 331 F. 3d at 272; 29 U.S.C. § 794(a)). By contrast, to establish a claim for retaliation under 42 U.S.C. § 1983, Hodge must show that: (1) he engaged in speech or conduct that is protected under the First Amendment; (2) the defendants took adverse action against him; and (3 there was a causal connection between the adverse action and the protected speech or conduct. See, e.g., Freeman v. Goord, No. 02 Civ. 9033 (PKC), 2005 WL 3333465, at *4 (S.D.N.Y. Dec. 7, 2005) (citing Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003)). Thus, the factual and legal inquiries underlying the claims in this case are entirely distinct from those underlying Hodge's retaliation claim.

the current case, the case management issues that would result from permitting Hodge to intervene, and Plaintiffs' strong interest in securing relief as soon as possible, I recommend that the Court deny Hodge's Motion under Rule 24(b).

## III.   CONCLUSION

For the foregoing reasons, I recommend that Hodge's Motion be denied without prejudice to his right to pursue any individual claims he may have in a separate action.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Chief Judge Preska. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: New York, New York
        March 29, 2013

JAMES L. COTT
United States Magistrate Judge

**A copy of this Report and Recommendation has been sent by mail to:**

Martin Hodge
No. 86 A 8851
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, NY 12733-0116