UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MEDINA, KELVIN CURRAN, JAMES COLANTUONO, WARREN DAVIS, KEVIN JONES, PETER LOPEZ, CHRISTOPHER MORRISHAW AND MICHAEL SMITH, *individually and on behalf of others similarly situated*,

                        Plaintiffs,

-against-

THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SERVICES; BRIAN FISCHER, COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SERVICES; LUCY BUTHER, ADA COORDINATOR OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SERVICES; PATRICK J. GRIFFIN, SUPERINTENDENT OF SULLIVAN CORRECTIONAL FACILITY; DARROW CUNNINGHAM, DEPUTY SUPERINTENDENT OF PROGRAMS FOR SULLIVAN CORRECTIONAL FACILITY; CHRISTOPHER KARSON, ASSISTANT DEPUTY SUPERINTENDENT OF PROGRAMS FOR SULLIVAN CORRECTIONAL FACILITY; DALE ARTUS, SUPERINTENDENT OF WENDE CORRECTIONAL FACILITY; AND KAREN CROWLEY, DEPUTY SUPERINTENDENT OF PROGRAMS FOR WENDE CORRECTIONAL FACILITY,

                        Defendants.

11 Civ. 176 (LAP) (JLC)

ECF Case

**DECLARATION OF JOHN BOSTON IN SUPPORT OF JOINT MOTION FOR CLASS CERTIFICATION IN CONNECTION WITH SETTLEMENT, APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL, PRELIMINARY APPROVAL OF THE PARTIES' PRIVATE SETTLEMENT AGREEMENT AND APPROVAL OF NOTICE TO CLASS MEMBERS**

JOHN BOSTON declares:

    1.    I am the Project Director of the Prisoners' Rights Project of The Legal Aid

Society. I make this declaration in support of the Joint Motion For Class Certification in Connection with Settlement, Appointment of Class Representatives and Class Counsel, Preliminary Approval of The Parties' Private Settlement Agreement and Approval of Notice to Class Members.

    2.    The Prisoners' Rights Project, along with co-counsel Paul, Weiss, Rifkind, Wharton & Garrison LLP, will provide and has provided adequate representation to the proposed class in this litigation. The Project has been engaged exclusively in the representation of prisoners in class action and test case litigation since 1971 and has been consistently successful in such litigation, including litigation, like the present case, brought under the federal disability statutes. *See, e.g.*, *Shaw* v. *New York Dept. of Corr. Services*, 451 Fed. Appx. 18 (2d Cir. 2011) (unpublished) (reversing dismissal of claim of disability discrimination by learning-disabled prisoner); *Benjamin* v. *Schriro*, 370 Fed. Appx. 168 (2d Cir. 2010) (unpublished) (affirming order requiring City to renovate jail ventilation); *Handberry* v. *Thompson*, 446 F.3d 335 (2d Cir. 2006) (affirming in significant part injunction enforcing rights to general and special education under Constitution and Individuals with Disabilities Education Act); *Benjamin* v. *Fraser*, 343 F.3d 35 (2d Cir. 2003) (mostly affirming findings of unconstitutional environmental conditions); *Benjamin* v. *Fraser*, 264 F.3d 175 (2d Cir. 2001) (affirming findings of unconstitutional counsel visiting and restraint practices); *Disability Advocates, Inc.* v. *New York State Office of Mental Health*, 02 Civ. 4002 (GEL) (S.D.N.Y., April 27, 2007) (settlement in statewide challenge under disability statutes and § 1983 to adequacy of mental health care in state prison system); *Ingles* v. *Toro*, 438 F.Supp. 2d 203 (S.D.N.Y. 2006) (approving settlement in class action challenging excessive force in City jails); *Rosario* v. *Dep't of Corr. Services*, 03 Civ. 0859 (CLB) (LMS), Rule 41 Voluntary Stipulation of Dismissal Subject to Conditions & Order (S.D.N.Y., Sept. 29,

2006) (settlement of disability statutes challenge to denial of programs and activities at Regional Health Units); *Sheppard* v. *Phoenix*, 91 Civ. 4148 (RPP), 2002 WL 1603138 (S.D.N.Y., July 18, 2002) (describing success of class action in stopping excessive force in City jail punitive segregation unit); *Woodside* v. *Dep't of Corr. and Cmty Serv.*, No. 2013-02408 (March 6, 2013) (granting temporary restraining order admitting prisoner with newborn child to prison nursery program); *Torres* v. *Fischer*, 101 A.D.3d 1281 (3d Dep't 2012) (annulling disciplinary conviction of prisoner activist where confidential informant's reliability was not independently assessed); *Rivera* v. *State*, 91 A.D.3d 1331 (4th Dep't 2012) (holding denial of order regarding medical treatment in Article 78 proceeding did not preclude subsequent malpractice action).

3. The Prisoners' Rights Project staff assigned to this litigation include Milton Zelermyer, admitted to the bar in 1982, who has worked at the Project since 1992 after prior experience in criminal appellate and environmental litigation, a clerkship in the West Virginia Supreme Court of Appeals, and teaching at the West Virginia College of Law where he supervised a clinic advising federal prisoners, and Veronica Vela, admitted in 2005, who has worked at the Project since 2008 after serving in federal judicial clerkships and as an associate at Simpson, Thacher & Bartlett PC. I was admitted in 1976 and have been employed by the Project since 1976; as Project Director, I have provided assistance and consultation to Mr. Zelermyer and Ms. Vela.

4. For the foregoing reasons, I believe that the Prisoners' Rights Project will bring, and has brought to this litigation sufficient experience, specialized expertise, and resources to provide adequate representation to the class.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:     New York, New York
              February 28, 2014

_____
JOHN BOSTON